## Fagely *versus* Bellas.

1. Two individuals forming a partnership, are not liable in a suit against *Overruled* them alone, under their new firm name, for the debts of *a former firm* which *1y P.S. 273.* consisted of themselves and another under a different name. The firms being distinct, each is liable for its own contracts, and though the two persons sued are liable for the debts of the former firm, yet they are liable for such debts only in a suit against such former firm, and not in a suit against them as composing the last firm.

2. In an action of *assumpsit* against a firm, a writing *under seal* executed by one member of the firm in the name of the firm, is admissible as evidence of a promise by the firm, if made upon sufficient consideration.

ERROR to the Common Pleas of *Northumberland county*.

This was an action of *assumpsit*, by Hugh Bellas *v.* Reuben Fagely and William Fagely, partners trading under the firm of Reuben Fagely & Co.

Plaintiff held a claim against the Danville and Pottsville Railroad Company, and alleges that the defendants, in consideration that the plaintiff would receive from them coal in payment of said claim, and would agree to transfer said claim to them, they (the defendants) promised to deliver him (the plaintiff) coal to the amount of said claim; that the plaintiff did then and there agree to receive coal and make the transfer of the claim to the defendants: yet the said defendants (though the plaintiff the same day and year offered to transfer the said claim, and is still willing, &c.) have not delivered the said coal, but have neglected and refused, &c.

The summons was served upon Reuben Fagely only—Plea, *non assumpsit*.

The jury were sworn against William and Reuben Fagely, and the declaration was against both. There was no appearance for William Fagely.

In the narr. was laid a promise by Reuben and William Fagely, made on the 1st day of August, 1843. There was no appearance for *William* Fagely.

In 1843 a firm existed consisting of William and Reuben Fagely, and William H. Kase, under the name of Fagely, Kase & Co. It was testified that they did business till the close of 1843. That about the commencement of 1844, Reuben Fagely & Co. commenced business, the firm consisting of Reuben and William Fagely.

The plaintiff offered in evidence an agreement under seal, dated 25th August, 1845, signed by Reuben Fagely & Co., and Hugh Bellas, the plaintiff. This paper was objected to, because it was under seal, and not signed by both defendants, and as irrelevant.

It was admitted, and defendant's counsel excepted.

The agreement of August 1845, was to the effect that a settlement

[*Fagely v. Bellas.*]

made on that day, was not to prejudice the claim of Bellas against Reuben Fagely, or Reuben Fagely & Co.

The counsel for defendant asked the court to instruct the jury:

1. That the plaintiff is bound to show not only a promise as laid in his declaration by Reuben Fagely, but a joint promise by Reuben and William Fagely, or the obligatory effect of the promise of Reuben upon William, otherwise he cannot recover.

2. That any promise made by Reuben Fagely, before he and William entered into partnership under the firm of Reuben Fagely & Co., would not be binding upon the firm.

3. That if the jury believe the firm of Reuben Fagely & Co. was not formed, and that Reuben and William did not do business under the firm of Reuben Fagely & Co., until after the date of the promise alleged to have been made by Reuben Fagely, even if he did make such promise as is laid in plaintiff's declaration, it would not be binding upon the firm, and would not entitle plaintiff to recover in this action.

4. That the law requires that promises of this kind to pay the debt of another, should be made out by very clear proof, and that our courts lean against a recovery wherever the precise terms of the promise are not explicitly shown, by clear and satisfactory proof, leaving no room to suspect mistake, misapprehension, or any unfairness in the transaction.

5. That even if the jury believe all the testimony given by the plaintiff, it does not prove a sufficient consideration to support a promise.

ANTHONY, J., to the first and second points, answered in the affirmative.

"To the third point, the Court answered, that as it is shown in evidence, and is uncontradicted, that William Fagely, Reuben Fagely and William H. Kase, were partners in 1843, in the firm name of Fagely, Kase & Co., and the promise is alleged to have been made in 1843, by Reuben and William Fagely, trading under the name of Reuben Fagely & Company, and as no plea in abatement was put in by defendant, the non-joinder of William H. Kase cannot be taken advantage of under the pleadings in the cause.

"A creditor knows with whom he deals, but he may not know all the partners. If, therefore, those who are sued, desire to take advantage of the non-joinder of other partners, they must make the objection at the commencement of the suit, by pleading it in abatement—for as such plea must give the plaintiff a better writ or count, and must be certain in every particular, the defendants who are sued, are bound to plead in abatement the whole truth of the case, and disclose on the face of their plea, who are the persons that ought to have been joined as co-defendants.

[Fagely v. Bellas.]

The court therefore instruct you, that if the firm of *Fagely, Kase & Company*, did, in the year 1843, make such promise as is alleged in the plaintiff's declaration, it *would* be binding upon the firm, and all the members thereof, who are sued, would be liable in the present action.

"Each partner is *præpositus negotiis societatis*, and each partner, *virtute officii*, possesses an equal and general power and authority in behalf of the firm to pledge, transfer, exchange, or apply or otherwise dispose of the partnership property and effects, for any and all purposes within the scope and objects of the partnership, and in the course of its trade and business. The nonjoinder of William H. Kase, therefore, will not prevent a recovery by the plaintiff from the present defendants, if the facts authorize such recovery."

The 4th point was answered in the affirmative.

To the 5th point: The court refuse to answer this point as requested by the counsel for the defendant, and decide that if the jury believe the testimony given by the plaintiff, there is a sufficient consideration to support a promise by the defendants.

J. B. ANTHONY, President Judge.

Nov. 18, 1848.   Verdict was rendered for plaintiff, for $199.50.

1. After verdict the defendant's counsel moved in arrest of judgment, 1. Because the jury were sworn, and the verdict is entered against both William and Reuben Fagely, and the declaration is against both, notwithstanding William was never served with process—did not appear, and was not impleaded in the action.

2. Because the plaintiff does not set out a sufficient cause of action in his declaration.

January 13, 1849.   The motion was discharged, and judgment entered for plaintiff on the verdict.

April 17, 1849.   The court direct that, if execution be issued, it shall be against the property of Reuben Fagely only.

It was assigned for error:

1. That the court erred in admitting the evidence contained in defendant's bill of exception.

2. In their answers to defendant's 3d and 5th points.

3. In discharging the motion in arrest of judgment, and entering judgment for plaintiff upon the verdict.

4. In directing that execution should be issued against the property of Reuben Fagely only.

[Fagely *v.* Bellas.]

The case was argued by *Packer* for R. Fagely & Co.
*Bellas* and *J. Pleasants*, for defendant in error.

The opinion of the Court was delivered July 31, 1851, by
COULTER, J.—There were two firms, the first composed of
William Fagely, William H. Kase, and Reuben Fagely. This firm
did business until the close of the year 1843. The firm of Reu-
ben Fagely & Company, composed of Reuben Fagely and William
Fagely, was formed in 1844. The evidence seems greatly to pre-
ponderate in showing that the promise declared on was made in
1843, by the firm of Fagely, Kase & Co., and before the firm of
Fagely & Co. was instituted.

The court instructed the jury, "that if the firm of Fagely,
Kase & Co. did, in the year 1843, make the promise declared on,
it would be binding on the firm, and all the members thereof who
are sued would be liable in the present action." The court further
instructed the jury, that the only way in which the defendants
could take advantage of the non-joinder of Kase, was by plea in
abatement.

This is not the case of a single firm, trading and doing business
ostensibly in another name than that in which they had agreed to
·conduct their business. In that case, the name in which they
conducted their business, ostensibly, and which was known to the
public as their business name, would bind all the members of the
firm, and all and each of them would be answerable for the con-
tracts so made. But two or three members of a firm may compose
a firm under a different name, known to the public, and they as a
firm would be liable only for their own contracts. The firm of
Reuben Fagely & Co. was of this description, and as a firm they
would not be answerable for the contracts of the firm of Fagely,
Kase & Co. To hold or rule that, would be to confound the prin-
ciples of contract, the rules of pleading, and the mode of settling
and proof of partnership accounts. If the defendants had been
sued as individuals the contract would have to be proved as laid, and
if they had been sued as the firm of Fagely, Kase & Co., the con-
tract would have to be proved as laid; but in that case, if they
wished to take advantage of the non-joinder of one member of the
firm, they would have to plead in abatement.

The rule that the proof and the allegation must correspond, is
of universal application in suits on contracts. Here the suit is
brought against the firm composed of William and Reuben Fagely,
and the court instruct the jury that a contract or promise made to
a different firm will support the action, merely because some mem-
bers of the firm of Fagely & Fagely were members of the firm of
Fagely, Kase & Co.

These two firms were so distinct and separate that they could
have contracted with each other, sued each other, had a different

[Fagely *v.* Bellas.]

set of contracts and liabilities, different and distinct claims and assets, and all these are not to be confounded and thrown into hotchpot. It would be not merely a confusion of form, but might work a confusion of substance and justice. It is true that each member of a firm is responsible for all its engagements ; that Reuben Fagely and William Fagely are answerable for the contracts of the firm of Fagely, Kase & Co.; but then they must be pursued in a proper way, so as not to breed confusion and conflict among the creditors of both firms. They cannot be sued as the firm of Reuben Fagely and William Fagely, partners trading under the firm of Reuben Fagely & Co. In fact, the very style of the suit shows that they did not contract as the firm of Fagely, Kase & Co.

On this error, being the second, the judgment is reversed. If, on a second trial, the plaintiff can show a promise made by the firm sued, he will be entitled to recover.

The first error assigned is of no account. It is true that partners cannot contract by deed as a general rule, but this is an action of *assumpsit;* and a writing under seal by one member of a firm, in the name of the firm, is good evidence of a promise, if made upon a sufficient consideration.

The third error has become immaterial, as the cause will be sent back for a new trial, when the counsel will no doubt take more heed to the swearing of the jury.

The fourth error has also become immaterial by the cause being sent back for another trial.

Judgment reversed and *venire de novo* awarded.