# Maurice Ernest *v.* R. L. Wible, Appellant.

*Pleading—Pleas in abatement—Nonjoinder—Estoppel—Partnership.*

On an appeal from the judgment of a justice, entered on default of appearance, where no statement is filed and the issue is made up by a formal plea filed to the transcript, the court is not justified in holding as a matter of law that defendant is estopped from taking advantage of the character of the claim when it appears possible from the plaintiff's cross-examination that the claim is really against a copartnership although brought against defendant, one of the copartners, as an individual. At most the question is for the jury. There being nothing in the pleadings to advise defendant of a partnership claim he was under no obligation in a suit directed against him individually to set up the nonjoinder of his partners in a plea in abatement.

Argued May 10, 1898. Appeal, No. 74, April T., 1898, by defendant, from judgment of C. P. Armstrong Co., June T., 1897, No. 2, on verdict for plaintiff. Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit. Before RAYBURN, P. J.

It appears from the evidence that R. L. Wible and John A. Stoup were engaged as partners in putting down a well, and a contract was entered into by which the plaintiff undertook to furnish coal for the partners, and that in hauling and furnishing said fuel he dealt with them as partners. Not being paid for his work he brought suit against R. L. Wible alone. On the trial the following point was submitted, which was refused by the court:

[The evidence showing that Wible and Stoup were partners in putting down the well on which the hauling and fuel sued for was used, that the plaintiff knew they were partners, and in both the hauling and furnishing of fuel dealt with them as partners, he cannot recover in the present action, and the verdict must be for the defendant.] [1]

Verdict and judgment for plaintiff for $198.12. Defendant appealed.

*Errors assigned* among others were (1) refusal of plaintiff's

first point, reciting same.    (5) Refusal of binding instructions.    (6) To a portion of the general charge, reciting same, as set out in the opinion of the Superior Court.

*W. L. Peart*, for appellant.—That a suit against one partner, individually, for a partnership debt cannot be sustained, is too well settled to require argument.   It is said, however, by the court in this case that in order to take advantage of the debt being a partnership debt, the defendant must plead in abatement the nonjoinder of his partner, Stoup.   This, we think, is error.

When the suit is against the defendant as an individual the proving of a partnership debt is not proving the contract or debt as laid, and the defendant is not bound to plead in abatement.   He goes to trial as to his individual debts and is not liable in the action for partnership debts: Fagely v. Bellas, 17 Pa. 67.

The court could permit the plaintiff to amend by adding the names of other partners as defendants, and if it had not been done the defendants could have taken advantage of it.   It was for the plaintiff and not for the defendant to see that the proper parties were made defendants: Overseers v. Bunn, 12 S. & R. 291.

On appeal a different cause of action cannot be assigned: Bechtol v. Cobaugh, 10 S. & R. 120; Reitze v. R. R. Co., 126 Pa. 437.

On an appeal the court will not permit the parties to an action to be changed or an entirely new party to be added to the suit: Seitz & Co. v. Buffum & Co., 14 Pa. 69.

Under this decision, how could the court have permitted an amendment changing the defendant and making it Wible & Stoup, partners, instead of Wible, as an individual?   If the court could not permit the amendment, how could the defendant plead in abatement that which could not be amended?

The court upon the trial of an appeal cannot go back of the pleadings: Kraft v. Gilchrist, 31 Pa. 470.

*W. D. Patton*, with him *R. L. Ralston* and *Boyd S. Henry*, for appellee.—In his assignments of error the appellant maintains that a suit against one partner individually, for a partnership

debt, cannot be sustained, is a well settled rule of law. Admitting this to be true, the court rightly held, that in order to take advantage of this the defendant must plead in abatement the nonjoinder of his partner. The appellant admits this principle of law, but endeavors to limit it to the case of joint obligors, and labors diligently to make a distinction between joint obligors and partners. It seems, however, to be a distinction without a difference, and we cite Wilkins v. Boyce, 3 Watts, 39, where the principle is applied to partners, and that too, where the suit is brought against one member of the firm individually. This principle is applied to appeals as well as actions instituted originally in the common pleas court. And it is the duty of a defendant, if he thinks that another is liable with him, to make such defense at his earliest opportunity. So strictly is this enforced, that in Hinckly v. Smith, 4 Watts, 433, the defendant was not permitted to put in a plea in abatement in the common pleas court, when he had neglected to so plead before the justice.

OPINION BY BEAVER, J., July 29, 1898:

It is to be observed, as preliminary to the consideration of the question involved in this case, that judgment was obtained by the plaintiff against the defendant before a justice of the peace in default of an appearance and that, upon an appeal from the said judgment, in pursuance of the rules of court of Armstrong county, the transcript of the justice was taken as the plaintiff's statement and the prothonotary entered the plea of nil debet as of course, so that the case was put at issue, without the direct intervention of either the plaintiff or the defendant. With the record in this condition, the cause came on for trial.

It appeared on the trial of the cause, on the cross-examination of the plaintiff himself, that his claim, instead of being against the defendant who was sued as an individual was against Wible and Stoup, with whom he had made a contract and who were known by him to be partners. The court below ruled, as a matter of law, that the defendant could not take advantage of the nonjoinder of his partner under the general plea and that it could only be taken advantage of under a plea in abatement. The court, in its general charge, says: " Now there is

a matter of law in cases of this kind. Where there are two cocontractors in a job and the plaintiff or the party doing the work for them brings a suit against one of them, it is the duty of the party that is sued, if he thinks that under the arrangement between him and his cocontractor that he is not responsible, it is his duty at the earliest stage of the case that he can to put in a plea of abatement and require the plaintiff to bring in the other party. Now in this case that has not been done by Mr. Wible. This action was brought before a justice of the peace and we have nothing before us to show that he made any plea in abatement, saying that he was not responsible for this but that he and his cocontractor Stoup were responsible. He has not done anything of that kind and, not having done so, then we say, as a matter of law, that he is not entitled to set up the question of partnership. It was his duty at the earliest stage of the proceeding that he could, if he thought Stoup was responsible with him for this indebtedness, he ought to have made it known to the plaintiff. Then, if the plaintiff, if he had seen fit to go on with the case, if there was a partnership between the parties, he might have been thrown out of court. But the defendant, R. L. Wible, not having done that, we hold, as a matter of law, it is too late now to put in as a defense in this case, even if there was a partnership between the parties."

This portion of the charge is assigned for error and covers the only question in the case. The defendant was summoned to answer the plaintiff, presumably for a debt due from him, as an individual, to the plaintiff. There having been no appearance before the justice—and the defendant was not bound to appear—he had no notice whatever of the character of the claim made by the plaintiff. No statement of the claim was filed and, therefore, the defendant went to trial, without any knowledge whatever as to the character of the plaintiff's demand. It was not a question of what he thought the claim of the plaintiff might be. He was summoned to answer for an individual debt due from him to the plaintiff. How could he, under such circumstances, enter a plea in abatement? Nothing in the pleadings brought notice to him that the claim was for work done under a contract with Wible and Stoup; and, in the absence of such notice, he was under no obligation what-

ever to set up the nonjoinder of Stoup in a plea in abatement, even admitting that it was his duty to do so, under any circumstances. "The rule that the proof and the allegation must correspond is of universal application in suits on contracts:" Fagely v. Bellas, 17 Pa. 67. True there was no statement of plaintiff's cause of action filed, but the form of the action itself was notice to the defendant to answer for an individual debt due from him to the plaintiff. When, therefore, the plaintiff himself testified on cross-examination that his contract was made with Wible and Stoup, his proof did not correspond with the implied notice which the form of the action gave to the defendant. It is true that in other parts of his testimony the plaintiff attempted to neutralize the force of his cross-examination as to his contract with Wible and Stoup but this became, under all the testimony, a question for the jury and should have been submitted to them for their finding.

The questions as to whether or not pleas in abatement are abolished by the procedure Act of May 25, 1887, P. L. 271, and whether or not it is necessary in any case to plead nonjoinder of a partner in abatement are not legitimately involved in the case before us and upon neither of them do we now express an opinion.

The court below was certainly not justified in holding, as a matter of law, that the defendant, under the facts of the case, was estopped from taking advantage of the character of the claim made by the plaintiff under the general plea. At the most the question was one for the jury.

The judgment is reversed and a new venire awarded.